IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | | |
|---|---|---|
| Dawn Shook, | : | |
| | : | Case No. 1:26-cv-833 |
| Plaintiff, | : | |
| | : | Judge Susan J. Dlott |
| v. | : | |
| | : | Order Granting Motion to Compel |
| Peraton, Inc., *et al.*, | : | Arbitration and Stay the Action |
| | : | |
| Defendants. | : | |

Plaintiff Dawn Shook is suing her former employers following the termination of her employment. Pending before the Court is Defendants' Motion to Compel Arbitration of Non-Title VII Claims and to Stay the Action Pending Arbitration. (Doc. 7.) Peraton did not file a response, even after being granted an extension to respond until October 23, 2026. The motion, therefore, is uncontested. For the reasons below, the Court will compel arbitration and stay the action pending arbitration.

## I. BACKGROUND

Shook filed her First Amended Complaint on August 21, 2026. (Doc. 3.) She alleges that she was employed by Defendants Peraton Inc., Peraton Corporation, Peraton Corp., Peraton Enterprise Solutions LLC, Peraton Risk Decision Inc., Peraton Services & Solutions Inc., Paraton State & Local Inc., and/or Peraton Technology Services, Inc. (collectively, "Peraton") from 2021 until January 23, 2025. (*Id.* at PageID 30–32.) She alleges that she was fired after she reported discriminatory conduct by management officials against women over the age of 40. (*Id.* at PageID 32–34.) Shook asserts the following claims for relief in her First Amended Complaint:

1. Discrimination based on age in violation of the Age Discrimination in Employment Act ("ADEA");

2. Discrimination based on sex in violation of Title VII;

3. Retaliation and wrongful termination in violation of the ADEA and Title VII; and

4. Breach of contract.

(*Id.* at PageID 34–36.)

Peraton did not file a responsive pleading to the First Amended Complaint. Instead, it has moved to compel arbitration of the non-Title VII claims and to stay the action during the pendency of the arbitration. (Doc. 7.)

## II. LAW AND ANALYSIS

The Federal Arbitration Act ("FAA") provides that written agreements to arbitrate a controversy arising out of a contract evidencing a transaction involving commerce "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA "leaves no place for the exercise of discretion by a district court, but instead [it] mandates that district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 218 (1985) (emphasis in original) (citing 9 U.S.C. §§ 3, 4); *see also AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) ("[C]ourts must place arbitration agreements on an equal footing with other contracts, and enforce them according to their terms.") (citations omitted). Before compelling arbitration, the Court "must engage in a limited review to determine whether the dispute is arbitrable; meaning that a valid agreement to agreement exists between the parties and that the specific dispute falls within the substantive scope of that agreement." *Javitch v. First Union Sec, Inc.*, 315 F.3d 619, 624 (6th Cir. 2003). Also, when a party has asserted a federal statutory claim, the district court must

determine whether Congress intended such claim to be nonarbitrable. *Stout v. J.D. Byrider*, 228 F.3d 709, 714 (6th Cir. 2000).

Peraton has presented unrefuted evidence that Shook's non-Title VII claims are subject to arbitration. Shook signed a Peraton Employee Letter of Understanding on March 1, 2021. (Doc. 7-1 at PageID 80–84.) The Agreement contained a mandatory arbitration provision stating in relevant part as follows:

> . . . . the Company may, at its option exercised within thirty (30) days of service of the complaint in such action, require all or part of the Dispute to be arbitrated, except that the Company shall not have the right to require arbitration of a Dispute to the extent it relates to claims under Title VII of the Civil Rights Act of 1964 or any tort arising out of or related to sexual assault or harassment.

(*Id.* at PageID 81.) Dispute was defined to mean "a dispute arising from, or related to, this Agreement or any aspect of [the] employment or termination thereof." (*Id.* at PageID 80.) Based on this provision, there is a valid arbitration agreement, and the ADEA and breach of contract claims are within its scope. The parties did not agree to arbitrate the Title VII claims. As to the ADEA claim, the Supreme Court has held that Congress did not intend for ADEA claims to be nonarbitrable. *14 Penn Plaza LLC v. Pyett*, 556 U.S. 247, 258 (2009). For these reasons, the Court will compel arbitration of Shook's ADEA and breach of contract claims.

Peraton also requests that the Court stay this action pending arbitration, including the Title VII claims. Section 3 of the FAA requires that, when the issues in a dispute are subject to arbitration, a district court "shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement, providing the applicant for the stay is not in default in proceeding with such arbitration." 9 U.S.C. § 3. "[I]f the court concludes that some, but not all, of the claims in the action are subject to arbitration, it must determine whether to stay the remainder of the proceedings pending arbitration." *Stout*, 228 F.3d at 714. A finding that there is "significant overlap between the facts and issues" in the

arbitrable and nonarbitrable claims is cause to stay the entire action to avoid "duplicative efforts." *Koelbl v. Sherwin-Williams Co.*, No. 1:24-cv-02043, 2025 WL 3562641, at *8 (N.D. Ohio Dec. 12, 2025); *see also Riley v. NTAN, LLC*, 629 F.Supp.3d 805, 816 (M.D. Tenn. 2022) (finding that judicial economy favors staying the action where there are "several common questions of fact among the claims"). In this case, Shook's arbitrable and nonarbitrable claims share a common core of facts, and proceeding on both sets of claims simultaneously in separate proceedings would be needlessly duplicative. The Court will stay the entire case.

## III. CONCLUSION

For the reasons above, Peraton's Motion to Compel Arbitration of Non-Title VII Claims and to Stay the Action Pending Arbitration (Doc. 7) is **GRANTED**. The parties are directed to arbitrate the ADEA and breach of contract claims. This action is stayed pending resolution of the arbitration. The parties must move to lift the stay of this action within thirty days after the arbitration decision becomes final.

**IT IS SO ORDERED.**

BY THE COURT:

S/Susan J. Dlott
Susan J. Dlott
United States District Judge